SAMUEL F. GIBSON *vs.* NATHAN W. ETHRIDGE and others.

Oxford.    Opinion May 25, 1881.

*Poor debtor's bond.*

When it is obvious that there could have been no such judgment, nor any such execution, as is alleged in a poor debtor's bond, and nothing appears in the bond to show at what term of the court the judgment intended to be recited was obtained, the bond is void.

When such a bond by its terms negatives a legal arrest, it must have been given to procure a discharge from an illegal arrest. It is, then, a bond given under duress, and the defendants may well avoid it.

ON AGREED statement of facts.

The material facts appear in the opinion.

*S. F. Gibson*, for the plaintiff.

*David Hammond*, for the defendants.

APPLETON, C. J.    This is an action on a poor debtor's bond, given by Porter K. Ethridge and others, dated June 15, 1878, and approved by the plaintiff.

The bond is in the usual form, and sets forth in the condition, that said Ethridge "now is arrested  .  . by virtue of an execution issued against him on a judgment obtained against him by the said Samuel F. Gibson, by the consideration of our justice of

our Supreme Judicial Court, at a term of said court, which was begun and holden at Paris, within and for the county of Oxford, on the third Tuesday of September, A. D. 1878, for the sum of forty-three dollars and forty-three cents damage, and costs of suit taxed at fourteen dollars and two cents," &c.   As the bond bears date three months before the term of the court at which the judgment is said to have been rendered, it is obvious there could have been no such judgment, nor any such execution as is alleged to have been issued on such judgment.   Nothing in the bond discloses, nor is there anything from which an inference could be drawn as to the term of the court at which the judgment intended to be recited, and on which was issued the execution by virtue of which the judgment debtor was arrested, was obtained. The bond recites, then, an arrest upon an execution issued on an impossible judgment.

As there was no such judgment, there could have been no such execution issued thereon.   As there was no such execution, there could have been no legal arrest on such non-existent execution. As the bond negatives a legal arrest by its very terms, it must have been given to procure a discharge from an illegal arrest. It was a bond given under duress, and therefore the defendants may well avoid it.   *Whitefield* v. *Longfellow*, 13 Maine, 146 ; *Sargent* v. *Roberts*, 52 Maine, 590.

Nor is this result to be regretted, as it is apparent from the debtor's disclosure that he was utterly and hopelessly insolvent, and ever would be.

*Judgment for defendants.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.